**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No.: 1:13CR350 |
| v. ) | Judge Brinkema |
| ) | |
| JAMEEL ALEEM ) | |

## DEFENDANT JAMEEL ALEEM'S PROPOSED JURY INSTRUCTIONS

Defendant, Jameel Aleem, by undersigned counsel, adopts and conforms to the requested jury instructions made in Proposed Jury Instructions by Thaddeus Snow [Document 559], Proposed Jury Instructions by James Watson [Document 561] and Proposed Jury Instructions by William Sykes [Document 565]. The instructions were drafted before the full contours of the government's case were known. The defendant therefore reserves the right to modify, withdraw, supplement or substitute instructions as may be suggested by the evidence in the case until the charge conference, as well as adopt any and all jury instructions suggested by codefendant counsel. The defendant also reserves the right to supplement these instructions with appropriate "Theory of the Defense" instructions prior to the charge conference.

2

Respectfully submitted,

_____/s/_____
John L. Machado,
Bar Number 36156
Attorney for Jameel Aleem
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Fax: (202)783-1201
Email: johnmachadoesq@kreative.net

I. General Instructions

A. Mr. Aleem requests that the Court include in its charge to the jury the following general instructions found in Sand, et al., Modern Federal Jury Instructions (June 2000):

1) 2-1 - Juror Attentiveness.

2) 2-2 -Role of the Court.

3) 2-3 -Role of the Jury.

4) 2-4 -Juror Obligations.

5) 2-5 -Government as Party.

6) 2-8 -Conduct of Counsel.

7) 2-11 -Improper Considerations: Race, Religion, National Origin, Sex or Age.

8) 3-2 -The Charges.

9) 3A-3 -Willfully.

10) 3A-4 -Intentionally.

11) 5-21 -Improper Consideration of Defendant's Right Not to Testify (if applicable)

Mr. Aleem requests that the Court include in its charge to the jury the following general instructions found in O'Malley, Grenig and Lee (formerly, Devitt and Blackmar), Federal Jury Practice and Instructions (2000), Volume I:

12) 11.01 - Admonition at Court Recesses

13) 11.03 - Objections and Rulings

14) 11.04 - Court's Comments to Counsel

15) 11.05 - Court's Comments to Witnesses

16) 11.06 - Court's Comments on Certain Evidence

17) 11.12 - Impeachment of a Defendant's Testimony (if applicable)

18) 12.01 - Introduction to the Final Charge

19) 12.03 - Evidence Received in the Case - Stipulations, Etc.

20) 12.04 - Direct and Circumstantial Evidence

21) 12.09 - Consider Only the Offense Charged

22) 12.10 - Presumption of Innocence, Burden of Proof, Reasonable Doubt

23) 12.11 - Verdict as to Defendant Only

24) 12.13 - Consider Each Count and Each Defendant Separately

25) 12.14 – Give Each Defendant Separate Consideration

26) 12.15 – Apply Instructions to Each Defendant

27) 13.03 – The Indictment is Not Evidence

28) 14.01 - Opinion Evidence – The Expert Witness (if applicable)

29) 14.15 - Absence of Witnesses

30) 14.16 - Number of Witnesses Called

31) 15.01 – Credibility of Witnesses Generally

32) 15.02 – Credibility of Witnesses - The Defendant as a Witness (if applicable)

33) 15.06 – Credibility of Witnesses - Inconsistent Statement

34) 15.09 – Credibility of Witnesses - Bad Reputation

35) 15.12 – Credibility of Witnesses - Defendant Witness (if applicable)

36) 17.04 - "Knowingly" - Defined

37) 17.07 - Proof of Knowledge or Intent

38) 20.01 - Verdict, Foreperson, Deliberations, etc.

In addition, Mr. Aleem requests the following Defense Instructions A through I provided *infra*:

DEFENSE INSTRUCTION A
Impermissible To Infer Participation From Association

You may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.

(Sand et al., Modern Federal Jury Instructions, Instruction 6-4 (2000)).

DEFENSE INSTRUCTION B
Impermissible To Infer Participation From Mere Presence

You may not infer that the defendant is guilty of participating in criminal conduct merely from evidence that he was present at the time the crime was being committed and had knowledge that it was being committed.

(Sand et al., Modern Federal Jury Instructions, Instruction 6-3 (2000))

## DEFENSE INSTRUCTION C
### Law Enforcement Witness

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal or state government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

(Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction 7-16 (2000)).

DEFENSE INSTRUCTION D
Credibility of Witnesses - Government Informers

There has been evidence introduced at trial that the government used an informer in this case. I instruct you that there is nothing improper in the government's use of informers and, indeed, certain criminal conduct never would be detected without the use of informers. You, therefore, should not concern yourselves with how you personally feel about the use of informers, because, that is really beside the point. Put another way, your concern is to decide whether the government has proven the guilt of the defendant beyond a reasonable doubt, regardless of whether the evidence was obtained by the use of an informer.

On the other hand, where an informer testifies, as he did here, his testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether he received any benefits or promises form the government that would motivate him to testify falsely against the defendant. For example, he may believe that he will only continue to receive these benefits if he produces evidence of criminal conduct.

If you decide to accept his testimony, after considering it in light of all of the evidence in this case, then you may give it whatever weight, if any, you find it deserves. (Sand, et al., Modern Federal Jury Instructions, Instruction 7-14 (2000)).

DEFENSE INSTRUCTION E
Unindicted Co-Conspirator as Government Witness

The Government has called as a witness people who are named by the prosecution as co-conspirators but who were not charged as defendants.

For this reason, you should exercise caution in evaluating their testimony and scrutinize it with great care. You should consider whether have an interest in the case and whether they have a motive to testify falsely. In other words, ask yourselves whether they have a stake in the outcome of this trial. As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these unindicted co-conspirators.

United States v. Santana, 530 F.2d 710 (2d Cir.), *cert. denied*, 419 U.S. 1053 (1974))

## DEFENSE INSTRUCTION F
### Informal Immunity of Government Witness

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely and fully, he will not be prosecuted for any crimes which he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with a greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

(Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction 7-9 (2000)).

## DEFENSE INSTRUCTION G
### Witness' Plea Agreement

In this case, there has been testimony from a government witness who pled guilty after entering into an agreement with government to testify. There is evidence that the government agreed to dismiss some charges against the witness and agreed not to prosecute him on other charges in exchange for the witness' agreement to plead guilty and testify at this trial against the defendant. The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

(Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction 7-11(2000)).

DEFENSE INSTRUCTION H
Credibility of Witnesses - Rule 35(b)

The Government has called as witnesses people who hope or expect to receive a reduction in their sentences based upon a motion pursuant to Federal Rules of Criminal Procedure Rule 35(b), commonly referred to as a "Rule 35" motion. The Rule 35 motion applies to those witnesses who have already been sentenced.

You are instructed that only the government can file a Rule 35 motion to reduce the sentences of these witnesses. It is only available for those individuals who the government determines have provided it with substantial assistance in the investigation or prosecution of other persons. The decision concerning whether or not to file such a motion is within the sole and complete discretion of the government. Furthermore, once a Rule 35 motion has been filed, it is within the sole and complete discretion of the government to decide whether to withdraw its Rule 35 request from the docket prior to a hearing on the motion.

You are also instructed that a Rule 35 motion enables the witness to receive a reduction below his guideline range and any statutory mandatory minimums. In fact, within the discretion of his sentencing court, the witness may receive a reduction equivalent to any portion or all of his sentence.

Given what I have just stated, if you believe that it gives the witness a reason to seek the favor of the government, you should exercise caution in evaluating the testimony of such witnesses and scrutinize it with great care. You should consider whether they

have an interest in the case and whether they have a motive to testify falsely. In other words, ask yourselves whether they have a stake in the outcome of this trial. As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these witnesses.

(Fed. R. Crim. P. 35(b); <u>Wade v. United States</u>, 504 U.S. 181 (1992) *affirming* 936 F.2d 169 (4th Cir. 1991)).

DEFENSE INSTRUCTION I
Credibility of Witnesses - U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)

The government has called as a witness people who hope or expect to receive a lesser sentence based upon a motion pursuant to United States Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e), commonly referred to as a "5K" motion. The 5K motion applies to those witnesses who have not yet been sentenced.

You are instructed that only the government can file a 5K motion to grant these witnesses a lesser sentence. It is only available to those individuals who the government determines have provided it with substantial assistance in the investigation or prosecution of other persons. The determination of whether or not to file such a motion is within the complete and sole discretion of the government. Furthermore, once a 5K motion has been filed, it is within the complete and sole discretion of the government to decide whether it wishes to withdraw its request prior to sentencing.

You are also instructed that a 5K enables the witness to receive a reduction below his guideline range and any statutory mandatory minimum sentences. In fact, the witness may, within the discretion of his sentencing court, receive a reduction equivalent to any portion or even his entire sentence.

Given what I have just stated, if you believe that a witness has reason to seek the favor of the government, you should exercise caution in evaluating the testimony of such witnesses and scrutinize it with great care. You should consider whether they have an interest in the case and whether they have a motive to testify falsely. In other words, ask

yourselves whether they have a stake in the outcome of this trial. As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these witnesses.

18 U.S.C. § 3553(e); U.S.S.G. 5K1.1; <u>Wade v. United States</u>, 504 U.S. 181 (1992) *affirming* 936 F.2d 169 (4th Cir. 1991).

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 10th day of February, 2014, which will send a notification of such filing (NEF) to the following: to Adam Schwartz and Dennis Fitzpatrick, Assistant U.S. Attorneys, 2100 Jamieson Avenue, Alexandria, Virginia 22314 and all counsel of record.

/s/
John L. Machado,
Bar Number 36156
Attorney for Jameel Aleem
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Fax: (202)783-1201
Email: johnmachadoesq@kreative.net